Case No. 21-1218, Omar Ahmed Khadr, Petitioner v. United States. Mr. Morrison for the Petitioner, Ms. Daring for the Respondent. All right, Mr. Morrison, good morning. Judge Henderson, and may it please the Court. After nearly two decades of litigation, it is long past due to resolve whether the Juvenile Delinquency Act deprived the Military Commission of Jurisdiction over this case. There is no impediment for this Court to reach that issue. In its opinion below, the CMCR held that Mr. Khadr had not waived his statutory right of appeal. In September of 2020, the convening authority, in response to the CMCR's order, transmitted the record of trial to the Court, which under the regulations constitutes the referral of the case for post-trial review. After full briefing of the merits, the CMCR dismissed the case in its entirety for lack of subject matter jurisdiction. We believe that decision was erroneous, but whatever its merits, that was a final decision that exhausted Mr. Khadr's rights in the Military Commission system and best jurisdiction in this Court. I don't really understand your argument that transmitting the record refers to the case. The statute says that the case is automatically referred for review unless there's a waiver or there's a withdrawal of the appeal. Well, it's referred, but that referral can be withdrawn. I mean, if in a civil or criminal case from our district court there's a notice of appeal that's filed in a timely fashion, how is our jurisdiction impacted by whether or not the clerk sends us the transcripts or sends us the docket? Perhaps I misspoke, Your Honor, but I quite agree with you. I don't think it affects the CMCR's jurisdiction. That attaches automatically. It's a matter of law. And under 950C, that occurs when the waiver period expires without a waiver having been filed. And that's the same scheme that was borrowed from the Court's marshal, and that the Court of Appeals for the Armed Forces has held the exact same thing in a court-martial proceeding. So the convening authority's subsequent transfer of the record can't be jurisdictional, because the CMCR already has jurisdiction automatically. That's consistent with the regulations that implement the NCA, which define the referral in this context simply means sending the record of trial. That's the point that we were making in our opening brief, is that it is a classic example of a claims processing rule. It doesn't confer jurisdiction on the court because the court already has it. So all it does is facilitate the Court of Appeals' ability to review the record. They very well can't do it without it. I have a fundamental problem with your entire presentation. If you could help me out on that. Do you have the appendices with you? I do. Could you turn to page 159, please? Yes, sir. There, your client waived his right to appellate review in this court voluntarily, correct? I'm sorry. I'm not seeing. I have the appendix, but I'm not quite sure. Oh, I'm sorry. I gave you the wrong page number, A71. Pardon me. That's not correct, Your Honor, because this is not a waiver of anything. This is simply a Form 2330, which is the regulatory provision that implements the statutory waiver rule. So in military practice, appellate waivers are governed by statute. The parties are not permitted to contract around them. And under 950C, a waiver is a… 950C doesn't apply. And the reason it doesn't apply is that's only talking about waiver of review by the military commission. And it hardly… It does not talk about waiver of a right to have judicial review in our court. The language of… You know, I've looked at that. And 950C says waiver of right to review, but it's talking about appellate review by the U.S. Court of Military Commission review. And you have to go through a number of hoops, including filing some sort of document that you were talking about within 10 days. But this waiver is a waiver of a right to review in our court. And the military commission statute that you refer to has nothing to do with that. That deals with our jurisdiction. And he's waived his right to appellate review in our court. I don't know how you can read this any other way. We do read it another way, Your Honor. How? The very regulation that designates this form as the form you use to waive at CMCR says filing this form does not waive appellate review in this court. And that's because of 950C. I don't see how a military commission regulation could deprive or determine our jurisdiction. I don't see… Explain that to me. I don't see how a preprinted form can contradict… If this were a guilty plea, and it is, and the defendant waived his right to appellate review, we would uphold that. We would enforce it. We would not take judicial review of it. I don't see why this is any different. This is a military commission for sure, but it's also a guilty plea. And the analogy there is, to my mind, a perfect analogy, unless he's got some argument that this was coerced, not voluntary, didn't know what he was doing, but his attorney signed this form too. So I don't think there's any room for that argument at all. Your Honor, we do not interpret that form to have the effect that you're referring to. It isn't… No, I understand that. What I'm looking for is an argument about why you interpret it that way. What is it on the face of this form that tells you that it doesn't mean what it says? The form isn't even fully executed. If you look at the top of the form, it says, I have read the attached action dated. The form itself presupposes… Turn the page over. It's fully executed. It's signed by his attorney. It's signed by the LTC, whoever that was, John Jackson, name of counsel. Under the statute, it isn't effective unless it's submitted to the convening authority. Now, we're going to wrap it in circles. Take a look at the statute. The statute does not say anything about the U.S. Court of Appeals for the District of Columbia. It's talking about within the military system. If I may, Your Honor, it also says in paragraph 2F that Cotter would sign and execute the form founded attachment B, which is the form you're referring to, within the specified timeframe in RMC 1110. That is a reference to the statutory timeframe. So that form was never filed. And then the next sentence says, in doing so. In doing what? In filing that form and executing it within the timeframe in RMC 1110. You're at A60 now, right? Yes, sir. The pretrial agreement. I'm sorry, Your Honor. The pretrial agreement. That's what you're referencing now. Correct, Your Honor. Let me ask you this. If the government, after the 10 days had expired and there was no filing of this form, could the government at that point say either we want specific enforcement of the plea agreement or we want to void the plea agreement because he didn't do what he agreed to do? Assuming that this is an enforceable provision in a plea. We have argued in our brief that in military practice, anticipatory waivers are not permitted precisely because of the post-action waiver. But setting that aside, assuming that you are correct, that this is a breach to which they're entitled to a remedy, they're not entitled to the remedy of dismissal of the appeal. They're entitled to the remedy that they bargained for, which is paragraph 5D, which is at 62 and 63. The convening authority specifically said, if Cotter doesn't follow through with his promise to waive under the statute, I can cancel the agreement. Canceling the agreement would result in vacating the guilty plea and remanding the charges back to the convening authority. Is that subsection 3 that's at the top of A63? Is that what that language means? Yes, sir. And so the government's never asked for that remedy. So far in 10 years of appellate litigation, we've gone around and around on the waiver issue. They've never once said we want what we bargained for. Instead, they're asking the court to essentially rewrite the contract and give them something that they didn't bargain for. The only other point that I would make is that if we're correct about the JDA, that would trump any issue of waiver in any event. It is a jurisdictional flaw. If the JDA applies, as we say, the military court had no business taking the guilty plea in the first place. Speaking of jurisdiction, why isn't this case moved? In the federal system where somebody already has served their sentence, there's a doctrine that it's not moved. The reason is because there could be collateral consequences. The individual might commit another offense within the United States, and as a result of that, if the conviction is not overturned, the sentence may be higher. I don't see any suggestion here. Number one, he's in Canada, as far as I know, and he wouldn't be subject to collateral consequences in the U.S. judicial system. He's already served his time. Why isn't this case moved? That question was answered in Hamdan v. United States by this court. The same issue was raised, that in that case, he had been repatriated to his home country. Australia it wasn't? No, that was Hamdan. He was in Yemen. I thought you were saying, you're not saying Hamdan, you're saying what? Yeah, Hamdan. And in that case, this court held that there were collateral consequences of any conviction, including a military commission conviction. There are also collateral consequences under the plea agreement. There are various things he can't do if he's still bound by the plea. So if the plea is invalid. That's a good point. I hadn't considered that. I see I'm over time. Mr. Morrison, I don't want to pile on, but I want you to turn to our jurisdiction. Look at 10 U.S.C. 950 G. You have it in front of you because I want to go through. Yes, ma'am. OK, as I read 950 G.A., there are three conditions precedent to our jurisdiction. First, we need a final judgment rendered by a military commission. We have that. Yes. OK, then it has to be approved by the convening authority. We have that. Yes. OK. Then the last one is affirmed or set aside as incorrect by the CMCR. Now, we do not have that. Before you mentioned the where applicable, my reading of where of the phrase where after applicable refers down to the very same 950 G.C. to that is when a detainee says, I want to go straight from the convening authority to the D.C. circuit. I want to skip the CMCR. And that's what we're applicable refers to. Two responses to that, Your Honor. This is an open question. It's never been addressed by this court. What is the meaning of where applicable? So if you read where applicable narrowly, as you have to mean essentially absentee waiver, then you're correct. We don't have a merits decision by the CMCR. We read it under the plain language of where applicable, which simply means relevant. And because I do not see how a decision of the CMCR can have jurisdictional significance. That's for the very reason you said. The accused can skip CMCR if he wants. So it's not required. The only other point that I would make is if you read it that way, then it seems to me that you would have to reverse and remand because there would then be no circumstance under which the CMCR wouldn't have jurisdiction absent a waiver. Well, I believe we should dismiss the appeal. I believe we don't have jurisdiction because we don't have one of the three conditions precedent for us to have jurisdiction. Well, but the court can answer any other jurisdictional question that is before it. And if the CMCR wrongfully dismissed the appeal because it had subject matter jurisdiction, then it would be appropriate to reverse and remand and tell the CMCR to do its job. That's my that's my only. And you're hinging that on a broad definition of where. Is that right? Well, I would characterize it as a plain language definition of where applicable. OK, thank you. We'll give you a couple of minutes. Miss Taron. Support. We read the term where as applicable to you, move those up to something. Move them closer. We read the term where applicable to refer to a decision by the CMCR or the CMCR determines that its review is not applicable. In other words, that it lacks jurisdiction. So, for example, if the CMCR had dismissed Cotter's appeal for lack of referral by the convening authority in a way that made it clear that it was terminating the case in the military commission system, then that would have amounted to a determination by the CMCR that its review is not applicable. And then this court would have jurisdiction. But that didn't occur here because the CMCR made clear it still has more work to do before it can make that determination. And that's why it remanded the case to the convening authority to require Cotter to ask the convening authority to refer the case. And that if the convening authority refused to require Cotter to file a mandamus petition. But to answer your question, Judge Wilkins, we understand that the CMCR's jurisdiction under 950 FC is dependent on a referral by the convening authority. It says that the CMCR has jurisdiction to review only those cases that are referred to it by the convening authority. And the Military Commissions Act and the rules for military commissions don't explain what should happen here where the convening authority refuses to do so. The Military Commissions Act, the rules, the CMCR rules, the regulations for trial by military commission. I've looked at all four of those, and there's not one reference at all to there being a need for any sort of specific referral by the convening authority. There's really no piece of paper. There's no form that exists for the convening authority to submit. And the statute says automatically refer. So why should I conclude, given all of that, that jurisdiction in CMCR is dependent at all on any action by the convening authority? Because section 950 FC provides that the CMCR has jurisdiction to review only those cases referred to it by the convening authority. And I agree with you that the Military Commissions Act and the rules for military commissions don't explain what a referral is. But we understand a referral to refer to the act of the convening authority formally just transferring the record of trial to the CMCR. And it is nondiscretionary statutory ministerial duty whose sole function is meant to signal to the CMCR that the convening authority has finished conducting post-trial review. But it's not meant to confer any discretionary authority on the convening authority. So if this court dismisses the case and remands the case to the CMCR to require Cotter to satisfy those exhaustion requirements, the government's position will be that the CMCR should issue a writ of mandamus compelling the convening authority to refer the case. The government's position on page 25 of your brief is that the waiver form that I referred to earlier actually waived his right to have judicial review in this court.  And we agree with you that the requirement that the defendant file the appellate waiver with the convening authority within 10 days' notice of the convening authority's action applies only to appellate waivers in the CMCR under Section 950C. But that really doesn't matter. I mean, whether he filed it within 10 days or 15 days or 5 days, it's of no consequence because the only consequence would be to the extent that that affects his right to judicial review. But he's already waived judicial review. I agree. In his pretrial agreement, he agreed to waive his right to appeal his conviction, detention, and sentence in any judicial form or proceeding on any ground with two narrow exceptions that don't apply here. And then as he pointed out in the Military Commission form that he signed waiving his right to appellate review, he said that he understood his case would not be reviewed by the CMCR, the D.C. Circuit, or the Supreme Court. And then in a colloquy with the military judge on page 305 of the appendix, he affirmed that he was waiving his right to appellate review. So he has waived that right three times, and it includes waiving his right to appeal in this court. Ms. Tieran, we may not be able to reach it here, but I'd like to know how you read 10950G-A in relation to the three conditions precedent, as I call them. In particular, whether you agree that the opt-out of where applicable applies in that very same section, 950G, to C2, that is where the detainee says, I want to jump over the CMCR and go directly to the D.C. Circuit. Yes, Your Honor, we agree with that, and that the defendant could waive his right to appeal in the CMCR and then file a petition for review in the D.C. Circuit. That's an option available to a defendant, but here the defendant waived his right to appeal in both. But how do you read where applicable to apply to anything other than what I just isolated as C2? Yes, that would be a condition precedent to this court's jurisdiction. A condition to this court's jurisdiction. I'm just trying to make sure I understand your answer to Judge Henderson's last question. Are you saying that where applicable does any other work other than the instance where the defendant files a waiver of review before the CMCR? It could also apply where the defendant waives his right to appellate review in the CMCR. Or where the CMCR determines its review is not applicable because it has no subject matter jurisdiction. Like where the CMCR, well the CMCR here dismissed Cotter's appeal for lack of referral, but that did not amount to a determination that its review is not applicable because it wasn't a final decision. And why wasn't it final? Because the CMCR made clear that it still has more work to do before it can make that determination. In Ateus v. Care First, the case cited by- What work does the CMCR say it has to do? It said it was remanding the case to require the convening authority to determine in the first instance whether to refer the case. And that if the convening authority refused to refer the case, then the CMCR would entertain a petition for writ of mandamus, seeking to compel the convening authority to refer the case so that the CMCR could consider the question whether the appellate waiver was valid. And if not, then to address the merits of Cotter's appeal. What's the date of his guilty plea? October 25, 2010. October- 25, 2010. I may have misunderstood his attorney's argument that this waiver on pages A71 to A72 was executed before the guilty plea. That's dated October- The waiver is dated October 30th, and the guilty plea was- Again, what was it, October what? Guilty plea was October 25th. He signed the form on October 30th, but he was sentenced- So it was after his guilty. Yes, Your Honor. So tell me, I guess I'm having trouble understanding how, if the CMCR made a decision that it did not have jurisdiction, I'm having trouble understanding why that, in and of itself, isn't a final decision. Because the CMCR wanted to consider whether it should compel the convening authority to refer the case, and if he had referred the case, and if the CMCR issues a writ of mandamus compelling him to refer the case, then the CMCR would have jurisdiction under 950 FC, that provision that says that the CMCR has jurisdiction only to review cases referred to it by the convening authority. That's how the CMCR construed that provision as requiring a referral by the convening authority. So it wanted to still consider the question whether it would have jurisdiction if it compelled the convening authority to perform this non-discretionary ministerial statutory duty of referral. I guess what confuses me about all of this, I mean, the systems are different, so the analogies don't completely work, but it just, I don't understand why, where the statute says clearly and unambiguously that there is an automatic referral and there shall be a transmittal of the record, et cetera, et cetera, et cetera. I don't understand why the CMCR says, well, we can't, our hands are tied, you have to file a mandamus petition. If something like that were to happen in this court and then kind of an analogous circumstance where a notice of appeal had been filed, but we didn't have the transcript, we wouldn't cause a party to file a mandamus petition to get it, we would just say give it to them. Correct, and in Article III courts, as you mentioned, the courts have jurisdiction to review the decisions of the district courts that are final, but the CMCR's jurisdiction is wholly unique. Even in the court-martial system, the Uniform Code of Military Justice has been amended, and it no longer predicates service criminal courts of appeals jurisdiction on a referral from a judge advocate general. But the CMCR explained that under the Military Commissions Act, under Section 950 FC, there is this language that says that it has jurisdiction only over cases referred to it by the convening authority, but we think that the convening authority is required to refer this case to the CMCR because, as you pointed out, he's required to refer cases in which the defendant has been convicted and where the defendant seeks review. Thank you. All right, if there are no more questions, thank you. Mr. Morrison, would you like a minute or two? Just very briefly, I do not understand how you can argue that mandamus is a type of an appeal that has to be exhausted under 950G. That just seems like apples and oranges. Mandamus isn't an appeal. It's separate from and collateral to. So I don't think that's an oblique reference to filing mandamus. Also, as this court held in Wray Stone, if we had done what the government suggested in their brief, we would have been out of court altogether because they said you shouldn't file a petition for review. You should first litigate a mandamus petition. But then the 20-day clock would have run. And under Stone, we're not permitted to use mandamus to get a second bite at the apple. So it puts us in an impossible situation. On the waiver question, if we are construing that waiver form as just an ordinary form of waiver in a plea agreement, as you might see in a federal, civilian federal case, then it's not necessarily, doesn't necessarily waive every issue. That's not jurisdictional. That's not a jurisdictional waiver. And none of the categories of offenses or, excuse me, claims that we've made would fall within a general waiver based on an unconditional guilty plea. We've said, for example, that his pleas are constitutionally involuntary and unknowing because of the fundamental misinstruction about the law. We may be right, we may be wrong, but that's not waived by the guilty plea itself, including the waiver, because you can always invalidate the plea. In addition, all of our claims fall within, well, other than the ones I just mentioned, the remaining claims, constitutional and statutory claims, fall within the rules 905 and 907, which govern this proceeding. And they make those claims unwaivable, or excuse me, non-waivable. That's the correct term. And then finally, I would only point out that the waiver provision in 2F also says that he, Cotter, agrees to waive to the extent permitted by law. So it seems to me that that conditions the waiver so that, for example, these non-waivable issues would be preserved. Thank you, Your Honor. All right. Thank you.
judges: Henderson, Wilkins, Randolph